# United States Court of Appeals
## For the Seventh Circuit

Chambers of
**Kenneth F. Ripple**
United States Circuit Judge
208 United States Courthouse
South Bend, Indiana 46601

May 13, 2008

 SELF INITIATED AMENDMENT

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle
Washington, D.C. 20544

Dear Committee:

In the process of completing my financial disclosure statement for 2007, I noted two minor errors in my 2006 statement that I want to correct.

In section VIII of the 2006 statement, in describing sample textbooks received from law school book publishers, there is a minor word error. The last word on the second line of that description reads "publication"; that word should read "adoption."

In section VIII of the 2006 statement, in describing my membership in the Federal Bar Association, the dues for a regular member are listed as $150. The correct figure for members in the public sector is $115.

While these errors certainly are not material ones, I want to correct them to ensure complete accuracy.

Sincerely,



RECEIVED 2008 MAY 19 P 12: 26 FINANCIAL DISCLOSURE OFFICE

KFR:tw

| AO 10<br>Rev. 1/2008 | FINANCIAL DISCLOSURE REPORT<br>FOR CALENDAR YEAR 2007 | Report Required by the Ethics<br>in Government Act of 1978<br>(5 U.S.C. app. §§ 101-111) |

| 1. Person Reporting (last name, first, middle initial)<br><br>Ripple, Kenneth F | 2. Court or Organization<br><br>Court of Appeals - 7th Circuit | 3. Date of Report<br><br>05/12/2008 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status;<br>magistrate judges indicate full- or part-time)<br><br>U.S. Circuit Judge - Active | 5a. Report Type (check appropriate type)<br><br>☐ Nomination, Date<br>☐ Initial  ☑ Annual  ☐ Final<br><br>5b. ☐ Amended Report | 6. Reporting Period<br><br>01/01/2007<br>to<br>12/31/2007 |
| 7. Chambers or Office Address<br><br>United States Courthouse<br>204 S. Main, Room 208<br>South Bend, IN 46601-2122 | 8. On the basis of the information contained in this Report and any<br>modifications pertaining thereto, it is, in my opinion, in compliance<br>with applicable laws and regulations.<br><br>Reviewing Officer_____ Date_____ | |

*IMPORTANT NOTES: The instructions accompanying this form must be followed. Complete all parts,*
*checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1.  See Section VIII, Part I | |
| 2.  See Section VIII, Part I | |
| 3. | |
| 4. | |
| 5. | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☐ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. 2007 | See Section VIII, Part II |
| 2. | |
| 3. | |

RECEIVED 2008 MAY 14 P 1: 37 FINANCIAL DISCLOSURE OFFICE

| Name of Person Reporting | Date of Report |
|---|---|
| Ripple, Kenneth F | 05/12/2008 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|
| 1. 2007 | Part-time teaching - University of Notre Dame | $ 22,281 |
| 2. | | |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE |
|---|---|
| 1. 2007 | Erica's Craft & Sewing Center - part-time employment, sales and teaching |
| 2. | |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS — *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☐ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | Catholic Diocese of Fort Wayne - South Bend | 10/6-7/08 | Fort Wayne, Indiana | Red Mass - Speaker | Hotel |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Ripple, Kenneth F | 05/12/2008 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☐ NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. See Section VIII, Part V | | $ 0.00 |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☑ NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Ripple, Kenneth F | 05/12/2008 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A.<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B.<br>Income during<br>reporting period | | C.<br>Gross value at end of<br>reporting period | | D.<br>Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e.g.,<br>div., rent,<br>or int.) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e.g.,<br>buy, sell,<br>redemption) | (2)<br>Date<br>Month -<br>Day | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) | (5)<br>Identity of<br>buyer/seller<br>(if private<br>transaction) |
| 1. Key Bank, So. Bend, IN IRA - CD | A | Interest | J | T | | | | | |
| 2. Key Bank, So. Bend, IN IRA - CD | A | Interest | K | T | | | | | |
| 3. Dreyfus Fund - IRA (Dreyfus Liquid Assets, Inc.) | B | Dividend | K | T | | | | | |
| 4. Notre Dame FCU - Notre Dame, IN savings & checking account | A | Interest | J | T | | | | | |
| 5. U.S. Savings Bonds | | None | J | T | | | | | |
| 6. UND TIAA/CREF Retirement Fund | E | Int./Div. | O | T | | | | | |
| 7. Loan to John Driscoll to assist in paying mortgage | | None | J | T | | | | | |
| 8. Prudential Insurance Policy #1 | A | Dividend | K | T | | | | | |
| 9. Prudential Insurance Policy #2 | A | Dividend | J | T | | | | | |
| 10. Conseco Whole Life Insurance Policy #1 | | None | J | T | | | | | |
| 11. Conseco Whole Life Insurance Policy #2 | | None | J | T | | | | | |
| 12. MetLife Whole Life Insurance Policy | | None | J | T | | | | | |
| 13. Trust #5 | E | Int./Div. | N | T | | | | | |
| 14. - Fidelity Contra Fund #022 | | | | | Purchased | 2/5 | J | | |
| 15. - Goldman Sachs Fsq Tax Free Money | | | | | Purchased | 3/31 | J | | |
| 16. - Dodge & Cox Stock Fund | | | | | Purchased | 4/9 | J | | |
| 17. - Dodge & Cox Stock Fund | | | | | Purchased | 4/19 | J | | |

| 1. Income Gain Codes:<br>(See Columns B1 and D4) | A =$1,000 or less<br>F =$50,001 - $100,000 | B =$1,001 - $2,500<br>G =$100,001 - $1,000,000 | C =$2,501 - $5,000<br>H1 =$1,000,001 - $5,000,000 | D =$5,001 - $15,000<br>H2 =More than $5,000,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| 2. Value Codes<br>(See Columns C1 and D3) | J =$15,000 or less<br>N =$250,001 - $500,000<br>P3 =$25,000,001 - $50,000,000 | K =$15,001 - $50,000<br>O =$500,001 - $1,000,000 | L =$50,001 - $100,000<br>P1 =$1,000,001 - $5,000,000<br>P4 =More than $50,000,000 | M =$100,001 - $250,000<br>P2 =$5,000,001 - $25,000,000 | |
| 3. Value Method Codes<br>(See Column C2) | Q =Appraisal<br>U =Book Value | R =Cost (Real Estate Only)<br>V =Other | S =Assessment<br>W =Estimated | T =Cash Market | |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| 18. - Dodge & Cox Stock Fund | | | | | Purchased | 6/29 | J | | |
| 19. - Goldman Sachs Fsq Tax Free Money | | | | | Purchased | 6/30 | J | | |
| 20. - Dodge & Cox Stock Fund | | | | | Sold | 4/9 | J | A | |
| 21. - Dodge & Cox Stock Fund | | | | | Sold | 4/19 | J | A | |
| 22. - Goldman Sachs Fsq Tax Free Money | | | | | Sold | 6/30 | J | A | |
| 23. - Goldman Sachs Fsq Tax Free Money | | | | | Purchased | 7/31 | J | | |
| 24. - Goldman Sachs Fsq Tax Free Money | | | | | Purchased | 8/31 | J | | |
| 25. - Dodge & Cox Stock Fund | | | | | Purchased | 9/28 | J | | |
| 26. - Fidelity Low Priced Stock Fund #316 | | | | | Purchased | 9/11 | J | | |
| 27. - Goldman Sachs Fsq Tax Free Money | | | | | Purchased | 9/30 | J | | |
| 28. - Fidelity Low Priced Stock Fund #316 | | | | | Sold | 9/11 | J | A | |
| 29. - Goldman Sachs Fsq Tax Free Money | | | | | Sold | 9/30 | J | A | |
| 30. - Goldman Sachs Fsq Tax Free Money | | | | | Purchased | 10/31 | J | | |
| 31. - Goldman Sachs Fsq Tax Free Money | | | | | Sold | 10/31 | J | A | |
| 32. - Goldman Sachs Fsq Tax Free Money | | | | | Purchased | 11/30 | J | | |
| 33. - Dodge & Cox International Stock Fd | | | | | Purchased | 12/31 | J | | |
| 34. - Dodge & Cox Stock Fund | | | | | Purchased | 12/31 | J | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less F =$50,001 - $100,000 | B =$1,001 - $2,500 G =$100,001 - $1,000,000 | C =$2,501 - $5,000 H1 =$1,000,001 - $5,000,000 | D =$5,001 - $15,000 H2 =More than $5,000,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less N =$250,001 - $500,000 P3 =$25,000,001 - $50,000,000 | K =$15,001 - $50,000 O =$500,001 - $1,000,000 | L =$50,001 - $100,000 P1 =$1,000,001 - $5,000,000 P4 =More than $50,000,000 | M =$100,001 - $250,000 P2 =$5,000,001 - $25,000,000 | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal U =Book Value | R =Cost (Real Estate Only) V =Other | S =Assessment W =Estimated | T =Cash Market | |

| Name of Person Reporting | Date of Report |
|---|---|
| Ripple, Kenneth F | 05/12/2008 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 35.   - Fidelity Contra Fund #022 | | | | | Purchased | 12/31 | J | | |
| 36.   - Fidelity Low Priced Stock Fund #316 | | | | | Purchased | 12/17 | J | | |
| 37.   - Julius Baer International Equity - A | | | | | Purchased | 12/28 | J | | |
| 38.   - Goldman Sachs Fsq Tax Free Money | | | | | Purchased | 12/31 | J | | |
| 39.   - Dodge & Cox International Stock Fd | | | | | Sold | 12/31 | J | A | |
| 40.   - Dodge & Cox Stock Fund | | | | | Sold | 12/31 | J | C | |
| 41.   - Fidelity Contra Fund #022 | | | | | Sold | 12/31 | J | D | |
| 42.   - Fidelity Low Priced Stock Fund #316 | | | | | Sold | 12/17 | J | A | |
| 43.   - Julius Baer International Equity - A | | | | | Sold | 12/28 | J | B | |
| 44.   - 1st Source Monogram Income Equity | | | | | Sold | 12/13 | J | B | |
| 45.   - Goldman Sachs Fsq Tax Free Money | | | | | Sold | 12/20 | J | A | |
| 46.   - Goldman Sachs Fsq Tax Free Money | | | | | Sold | 12/31 | J | A | |
| 47.   Trust #6 | E | Int./Div. | N | T | | | | | |
| 48.   - Fidelity Contra Fund #022 | | | | | Purchased | 2/5 | J | | |
| 49.   - Goldman Sachs Fsq Tax Free Money | | | | | Purchased | 3/31 | J | | |
| 50.   - Dodge & Cox Stock Fund | | | | | Purchased | 4/9 | J | | |
| 51.   - Dodge & Cox Stock Fund | | | | | Purchased | 4/19 | J | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less F =$50,001 - $100,000 | B =$1,001 - $2,500 G =$100,001 - $1,000,000 | C =$2,501 - $5,000 H1 =$1,000,001 - $5,000,000 | D =$5,001 - $15,000 H2 =More than $5,000,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less N =$250,001 - $500,000 P3 =$25,000,001 - $50,000,000 | K =$15,001 - $50,000 O =$500,001 - $1,000,000 | L =$50,001 - $100,000 P1 =$1,000,001 - $5,000,000 P4 =More than $50,000,000 | M =$100,001 - $250,000 P2 =$5,000,001 - $25,000,000 | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal U =Book Value | R =Cost (Real Estate Only) V =Other | S =Assessment W =Estimated | T =Cash Market | |

| Name of Person Reporting | Date of Report |
|---|---|
| Ripple, Kenneth F | 05/12/2008 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 52.   - Dodge & Cox Stock Fund | | | | | Purchased | 6/29 | J | | |
| 53.   - Goldman Sachs Fsq Tax Free Money | | | | | Purchased | 6/30 | J | | |
| 54.   - Dodge & Cox Stock Fund | | | | | Sold | 4/9 | J | A | |
| 55.   - Dodge & Cox Stock Fund | | | | | Sold | 4/19 | J | A | |
| 56.   - Goldman Sachs Fsq Tax Free Money | | | | | Sold | 6/30 | J | A | |
| 57.   - Goldman Sachs Fsq Tax Free Money | | | | | Purchased | 7/31 | J | | |
| 58.   - Goldman Sachs Fsq Tax Free Money | | | | | Purchased | 8/31 | J | | |
| 59.   - Dodge & Cox Stock Fund | | | | | Purchased | 9/28 | J | | |
| 60.   - Fidelity Low Priced Stock Fund #316 | | | | | Purchased | 9/11 | J | | |
| 61.   - Goldman Sachs Fsq Tax Free Money | | | | | Purchased | 9/30 | J | | |
| 62.   - Fidelity Low Priced Stock Fund #316 | | | | | Sold | 9/11 | J | A | |
| 63.   - Goldman Sachs Fsq Tax Free Money | | | | | Sold | 9/30 | J | A | |
| 64.   - Goldman Sachs Fsq Tax Free Money | | | | | Purchased | 10/31 | J | | |
| 65.   - Goldman Sachs Fsq Tax Free Money | | | | | Sold | 10/31 | J | A | |
| 66.   - Goldman Sachs Fsq Tax Free Money | | | | | Purchased | 11/30 | J | | |
| 67.   - Dodge & Cox International Stock Fd | | | | | Purchased | 12/31 | J | | |
| 68.   - Dodge & Cox Stock Fund | | | | | Purchased | 12/31 | J | | |

| 1. Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Ripple, Kenneth F | 05/12/2008 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| 69. - Fidelity Contra Fund #022 | | | | | Purchased | 12/31 | J | | |
| 70. - Fidelity Low Priced Stock Fund #316 | | | | | Purchased | 12/17 | J | | |
| 71. - Julius Baer International Equity - A | | | | | Purchased | 12/28 | J | | |
| 72. - Goldman Sachs Fsq Tax Free Money | | | | | Purchased | 12/31 | J | | |
| 73. - Dodge & Cox International Stock Fd | | | | | Sold | 12/31 | J | A | |
| 74. - Dodge & Cox Stock Fund | | | | | Sold | 12/31 | J | C | |
| 75. - Fidelity Contra Fund #022 | | | | | Sold | 12/31 | J | D | |
| 76. - Fidelity Low Priced Stock Fund #316 | | | | | Sold | 12/17 | J | A | |
| 77. - Julius Baer International Equity - A | | | | | Sold | 12/28 | J | B | |
| 78. - 1st Source Monogram Income Equity | | | | | Sold | 12/13 | J | B | |
| 79. - Goldman Sachs Fsq Tax Free Money | | | | | Sold | 12/20 | J | A | |
| 80. - Goldman Sachs Fsq Tax Free Money | | | | | Sold | 12/31 | J | A | |
| 81. 1st Source Bank - Checking | B | Interest | J | T | | | | | |
| 82. Inova Federal Credit Union | A | Interest | J | T | | | | | |
| 83. | | | | | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less F =$50,001 - $100,000 | B =$1,001 - $2,500 G =$100,001 - $1,000,000 | C =$2,501 - $5,000 H1 =$1,000,001 - $5,000,000 | D =$5,001 - $15,000 H2 =More than $5,000,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less N =$250,001 - $500,000 P3 =$25,000,001 - $50,000,000 | K =$15,001 - $50,000 O =$500,001 - $1,000,000 | L =$50,001 - $100,000 P1 =$1,000,001 - $5,000,000 P4 =More than $50,000,000 | M =$100,001 - $250,000 P2 =$5,000,001 - $25,000,000 | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal U =Book Value | R =Cost (Real Estate Only) V =Other | S =Assessment W =Estimated | T =Cash Market | |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

I. Positions

Item No. 1. Part-time Professor of Law, University of Notre Dame (joined faculty in 1977; part-time since appointment to Judiciary).

As a faculty member, Judge Ripple is entitled to purchase tickets to athletic events at a discount. He receives a discount on some items at the University bookstore. He may use other University facilities such as the library and athletic facilities. Until it closed, he was a member of the University Club and paid the same dues as other faculty members. Notre Dame provides Judge Ripple with Westlaw and Lexis services for his academic needs. During the 2007-2008 academic school year, Judge Ripple has been on a paid sabbatical to revise his course material. This arrangement was approved by the Judicial Conference Committee on the Code of Conduct. A copy of its opinion letter is attached. Judge Ripple also had the permission of the Chief Circuit Judge.

Item No. 2. During the reporting period, Judge Ripple was a member of the visiting committees of the Divinity School of the University of Chicago and of the School of Law of the University of Chicago. Members of the visiting committees simply give advice to the administration and faculty of the University. They have no authority in matters of University governance.

II. Agreement

Item No. 1. TIAA/CREF Pension Fund - Prior to his appointment, Judge Ripple was a full-time employee of the University of Notre Dame. During those years (1977-1985), both he and the University contributed on his behalf to this nation-wide pension fund for University professors. The fund is administered by a board of trustees. Although Judge Ripple continues to teach at the University, neither he nor the University contributes to the fund as a part of this arrangement.

Item No. 2. Part-time professor, University of Notre Dame - Details are set forth above in Section VIII, 1.

V. Gifts

Union League Club of Chicago - The Club has extended signing privileges that permit Judge Ripple to use the Club facilities at the same cost as charged to members. This privilege is accorded to all Article III federal judges who sit in Chicago. The Club charges a fee of $70.00 per month for use of these privileges. Regular non-resident dues are $210.00 per quarter.

The American Judicature Society gives all federal judges a complimentary membership. Annual dues are $75.00. Judge Ripple receives the Society's publication.

The Federal Bar Association gives all federal judges an honorary membership. There are no dues for honorary members. Judge Ripple receives the Association's publication. Regular dues for a member in the public sector are $115.00 per year.

Various bar associations and similar legal organizations have extended honorary memberships to Judge Ripple. He did not use these memberships during the reporting period. Details are therefore omitted in accordance with the instructions.

West Publishing Company supplies Judge Ripple with a sample set of the Federal Reporter and miscellaneous legal material for use in his chambers. The Company makes these books available to all federal judges. The estimated value of these materials is $2,459.59. This material is used for the performance of official duties.

Judge Ripple received sample text books for the courses that he teaches at the University of Notre Dame. These books were received under established programs through which publishers send such books to all professors and ask that the professors consider the books for classroom use. Judge Ripple receives these books under the same conditions as all other professors. Books were received from the following publishers. (The value shown is estimated from the published retail price of the book.)

Aspen Publishers $170.00
LexisNexis        $  7.00

VII. Investments and Trusts

Item Nos. 10, 11, & 12. No dividends or interest are attributable to any individual policy of this type. Each policy does have a cash value; that value is noted.

Item Nos. 14 - 46. These are all of the holdings, purchase, and sale transactions within Trust No. 5 (Item 13)

Item Nos. 48-80. These are all of the holdings, purchase, and sale transactions within Trust No. 6 (Item 47)

Item No. 82. The previous year this account was Michiana Credit Union and is now Inova Federal Credit Union. Michiana Credit Union has recently changed its name to Inova Federal Credit Union.

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

COMMITTEE ON CODES OF CONDUCT
OF THE
JUDICIAL CONFERENCE OF THE UNITED STATES
UNITED STATES DISTRICT COURT
482 GERALD R. FORD FEDERAL BUILDING
110 MICHIGAN STREET, N.W.
GRAND RAPIDS, MI 49503-2363

JUDGE JANICE ROGERS BROWN
JUDGE KAREN K. BROWN
JUDGE CAMERON McGOWAN CURRIE
JUDGE JAY A. GARCIA-GREGORY
JUDGE ANDREW S. HANEN
JUDGE FRANK MAYS HULL
JUDGE DENIS R. HURLEY
JUDGE RICHARD G. KOPF
JUDGE ALAN D. LOURIE
JUDGE JAMES F. McCLURE, JR.
JUDGE M. MARGARET McKEOWN
JUDGE THOMAS C. MUMMERT, III
JUDGE RUDOLPH T. RANDA
JUDGE RONALD A. WHITE

JUDGE GORDON J. QUIST
CHAIRMAN

ROBERT DEYLING
COUNSEL

(202) 502-1100

Tel (616) 456-2253

March 20, 2007

Honorable Kenneth F. Ripple
United States Court of Appeals
  for the Seventh Circuit
208 Robert A. Grant Federal Building
  and United States Courthouse
204 South Main Street
South Bend, IN 46601

      Re:    Docket No. 1930

Dear Judge Ripple:

      Thank you for your inquiry

      You inform the Committee that over the last thirty years you have received a salary within legal limits from an accredited law school for part-time teaching. You plan to continue part-time teaching but have asked the law school to be excused from teaching classes for the upcoming 2007-2008 academic year in order to update and retool your teaching methodologies and the subject matter taught. This raises the question of whether or not you may accept compensation for this activity without running afoul of the Code of Conduct and/or applicable regulations.

      Given the scope of the Committee's jurisdiction, our response to your inquiry is limited to an analysis under the Code of Conduct for United States Judges and Title VI of the Ethics Reform Act of 1989, as amended ("Act"), 5 U.S.C. App. § 501 et seq., which relates to limitations on outside earned income, honoraria, and outside employment, and the implementing regulations of the Judicial Conference of the United States.

Canon 4A of the Code of Conduct for United States Judges provides: "A judge may speak, write, lecture, teach, and participate in other activities concerning the law, the legal system, and the administration of justice." Canon 6 of the Code states:

> A judge may receive compensation and reimbursement of expenses for the law-related and extra-judicial activities permitted by this Code, if the source of such payments does not give the appearance of influencing the judge in the judge's judicial duties or otherwise give the appearance of impropriety, subject to the following restrictions:
>
> A. Compensation. Compensation should not exceed a reasonable amount nor should it exceed what a person who is not a judge would receive for the same activity.
>
>         \*   \*   \*
>
> C. Public Reports. A judge should make required financial disclosures in compliance with applicable statutes and Judicial Conference regulations and directives.

The need to review and update one's teaching material to stay fresh and relevant is inherent in any long-term teaching activity. Thus, the Committee concludes that the retooling and updating of your teaching methodologies and course materials is part of "teaching" and is permissible under Canon 4A. Furthermore, subject to the constraints of Canon 6, you may receive compensation for your work.

This conclusion is further supported by the Committee's analysis of Title VI of the Ethics Reform Act of 1989. Section 4(a) of the regulations implementing the Act provides that a judicial officer may not receive an honorarium, which is defined in Section 4(b) as "a payment of money or anything of value . . . for an appearance, speech or article by a judicial officer or employee." But Section 4(b)(2) excludes from the definition of "honorarium" compensation received for "teaching activity," if prior approval of the teaching activity is obtained from the chief judge of the circuit as required by Section 5 of the regulations. Section 5(b) of the regulations provides that:

> "Teaching" in these regulations includes teaching a course of study at an accredited educational institution or participating in an educational program of any duration that is sponsored by such an institution and is part of its educational offering. Examples of the latter are a lecture, lecture series or symposia sponsored by a law school or college. Teaching also includes participation in continuing legal education programs for which credit is given by licensing authorities or programs which are sponsored by recognized providers of continuing legal education.

Paragraph 12 of the Commentary to the regulations explains:

2

The Act does not define "teaching." These regulations define it to include meaningful participation in bona fide components of an educational curriculum or plan, regardless of the duration or format of the particular program in which the covered senior employee participates. *The statutory authority to "teach" for compensation thus includes permission to participate in the educational program of an accredited institution in the manner in which that institution plans and carries out its teaching function.* When speeches and lectures are sponsored by and presented within the overall educational program of an accredited institution, the Conference believes that they do not provide the occasion for any of the evils Congress was seeking to avert and accordingly, they should qualify as "teaching." Thus, a lecture, lecture series, symposia, moot courts, and jurist-in-residence programs may be compensated as "teaching," provided, of course, the strictures of the Codes of Conduct are met. ... *Participation* in bar review courses or *in the preparation* and grading *of bar examinations also qualifies as teaching.*

(Emphasis added.)

The Committee concludes that your proposed work to revisit and refresh your teaching materials and methodologies is a "meaningful participation in bona fide components of an educational curriculum or plan" and qualifies as teaching under the Act. In addition, your activity is not unlike participation in the "preparation" of bar examinations which, according to the Commentary, qualifies as "teaching." Acceptance of compensation for this activity would not run afoul of the Act or the regulations, provided you obtain the mandated prior approval.

You have acknowledged that your outside earnings are subject to the cap set forth in Section 3 of the regulations which is $25,200 for 2007. *See Guide to Judiciary Policies and Procedures*, Vol. 2, Chap. 6, Pt. H. The 2008 limit has not yet been published. You are also required to comply with the directives of the Financial Disclosure Committee in filing your annual report as it relates to the compensation you receive from teaching.

The Committee treats all inquiries and responses as confidential and will disclose information about them only in the narrow circumstances described in the Committee's confidentiality policy (set forth in paragraph two of the Preface to Volume 2, *Guide to Judiciary Policies and Procedures*).

We hope this response has been helpful. If you have any further question, please call or write.

For the Committee,



Gordon J. Quist
Chairman

3